UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MOHIBULLAH AHMADZAI, | Case No. 2:25-cv-02625-DC-CSK |
| Plaintiff, | |
| v. | ORDER AND FINDINGS AND RECOMMENDATIONS |
| COUNTY OF SACRAMENTO, ET AL., | |
| Defendants. | (ECF Nos. 1, 5) |

Plaintiff Mohibullah Ahmadzai is proceeding in this action pro se.[1] On January 5, 2026, the Court Denied Plaintiff's original in forma pauperis ("IFP") application for lacking sufficient detail to establish how many months his financial aid covers. *See* 1/05/26 Order (ECF No. 4). On January 6, 2026, Plaintiff filed a second IFP application. (ECF No. 5.) Plaintiff has clarified that his financial aid totaling $11,761.75 covered only his fall semester, from August to December 2025. *Id*. at 4. Accordingly, the Court determines that Plaintiff's IFP application makes the required financial showing and grant his IFP request.

/ / /

---

[1] This matter proceeds before the undersigned pursuant to 28 U.S.C. § 636, Fed. R. Civ. P. 72, and Local Rule 302(c).

1

**I.      SCREENING REQUIREMENT**

The determination that a plaintiff may proceed without payment of fees does not complete the inquiry. Pursuant to 28 U.S.C. § 1915(e), the court must screen every in forma pauperis proceeding, and must order dismissal of the case if it is "frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (2000) (en banc). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). In reviewing a complaint under this standard, the court accepts as true the factual allegations contained in the complaint, unless they are clearly baseless or fanciful, and construes those allegations in the light most favorable to the plaintiff. *See Neitzke*, 490 U.S. at 327; *Von Saher v. Norton Simon Museum of Art at Pasadena*, 592 F.3d 954, 960 (9th Cir. 2010), cert. denied, 564 U.S. 1037 (2011).

Pleadings by self-represented litigants are liberally construed. *Hebbe v. Pliler*, 627 F.3d 338, 342 & n.7 (9th Cir. 2010) (liberal construction appropriate even post–*Iqbal*). However, the court need not accept as true conclusory allegations, unreasonable inferences, or unwarranted deductions of fact. *Western Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981). A formulaic recitation of the elements of a cause of action does not suffice to state a claim. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-57 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

To state a claim on which relief may be granted, the plaintiff must allege enough facts "to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. A pro se litigant is entitled to notice of the deficiencies in the complaint and an opportunity to amend unless the complaint's deficiencies could not be cured by amendment. *See Lopez*, 203 F.3d at 1130-31; *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 339 (9th Cir. 1996).

**II.     THE COMPLAINT**

Plaintiff Mohibullah Ahmadzai has filed a Complaint against Defendants County of Sacramento, Sacramento County Sheriff, City and County of San Francisco, San Francisco County Sheriff, and Does 1-20. Compl. at 1. Plaintiff alleges claims under 42 U.S.C. § 1983. *Id*. at 22-24. Plaintiff seems to only raise *Monell* claims against Sacramento County and the City and County of San Francisco, despite naming all Defendants. *Id*. at 24. Plaintiff further alleges negligence and intentional infliction of emotional distress against all defendants. *Id*. at 25-26. Plaintiff further alleges violations of the California Constitution under Article I, Sections 1, 7, and 13 and violations of the Bane Act under Cal. Civ. Code § 52.1 against all Defendants. *Id*. at 26-28.

Plaintiff alleges that he and his family have been subjected to an "ongoing, deliberate, and highly coordinated campaign or harassment and safety threats." *Id*. at 6. Plaintiff appears to allege that this was a multifaceted harassment campaign, causing financial disruption and psychological intimidation in the form of "near-daily use of loud, modified vehicles and motorcycles, operating in synchronized formations." *Id*. at 6-7.

Plaintiff alleges that beginning in 2020 he "repeatedly reported harassment and safety threats to multiple law enforcement agencies." *Id*. at 8. Plaintiff alleges that these agencies "routinely declined to investigate, closed reports without meaning, and minimized the severity of the harassment." *Id*. at 9. Plaintiff later alleges he underwent a "forced relocation abroad to protect himself and his children," in early 2023. *Id*. at 10. After returning to the United States in 2024, Plaintiff alleges that the San Francisco Police Department's Ingleside Station "summarily dismissed" a report he made in response to "an escalating pattern of harassment and credible safety threats." *Id*. Plaintiff subsequently alleges to have suffered from two panic and anxiety attacks on July 6, 2024, and July 20, 2024, which he attributes to their lack of action. *Id*. at 10-11.

Plaintiff also alleges that the Sacramento County Sheriff's Department displayed similar conduct as the San Francisco Police Department, alleging that responsibility was shifted among the Sheriff's Department, the Sacramento Police Department, and the

3

California Highway Patrol, with "each agency disclaiming jurisdiction rather than acting to address the threats." *Id*. at 11. Plaintiff alleges he filed three complaints between August 6, 2024 and May 1, 2025, which were "dismissed without investigation." *Id*.at 11-13.

Plaintiff alleges that the conduct of both Defendants Sacramento and San Francisco Counties led to "physical and psychological harm to Plaintiff and his children." *Id*. at 13. Plaintiff alleges that he suffers from a hearing impairment as a result of "repeated high-decibel noise exposure in the vicinity of [his] family's residence." *Id*. at 13-14. In response, Plaintiff alleges he has contacted the San Francisco Sheriff's Department and Sacramento Sheriff's Leadership and Internal Affairs Office for follow-up, but has not received a satisfactory outcome, leading to this action. *Id*. at 15-20.

### III.    DISCUSSION

#### A.    Federal Rule of Civil Procedure 8

The Complaint does not contain a short and plain statement of a claim as required by Federal Rule of Civil Procedure 8. In order to give fair notice of the claims and the grounds on which they rest, a plaintiff must allege with at least some degree of particularity overt acts by specific defendants which support the claims. *See Kimes v. Stone*, 84 F.3d 1121, 1129 (9th Cir. 1996). A review of Plaintiff's Complaint reveals it fails to state a claim for relief under Section 1983. *See Iqbal*, 556 U.S. at 678.

42 U.S.C. § 1983 "provides a cause of action for the deprivation of any rights, privileges, or immunities secured by the Constitution and laws of the United States." *Wilder v. Virginia Hosp. Ass'n*, 496 U.S. 498, 508 (1990) (internal quotation marks omitted). "Section 1983 is not itself a source of substantive rights but merely provides a method for vindicating federal rights elsewhere conferred." *Albright v. Oliver*, 510 U.S. 266, 271 (1994) (citation and internal quotation marks omitted). To state a cognizable § 1983 claim, a plaintiff must allege the violation of a right protected by the Constitution and laws of the United States, and that the alleged deprivation was committed by a person who acted under color of state law. 42 U.S.C. § 1983; see also *Florer v. Congregation Pidyon Shevuyim, N.A.*, 639 F.3d 916, 921 (9th Cir. 2011). An individual

4

defendant is not liable on a civil rights claim unless the facts establish the defendant's personal involvement in the constitutional deprivation or a causal connection between the defendant's wrongful conduct and the alleged constitutional deprivation. *See Hansen v. Black*, 885 F.2d 642, 645 (9th Cir. 1989); *Johnson v. Duffy*, 588 F.2d 740, 743-44 (9th Cir. 1978). That is, a plaintiff may not sue any official on the theory that the official is liable for the unconstitutional conduct of his or her subordinates. *Iqbal*, 556 U.S. at 679.

### 1.    Section 1983 Claims Against All Defendants

Plaintiff alleges that all Defendants breached his Fourteenth Amendment rights by being deliberatively indifferent to the alleged harassment campaign against him and by failing to protect Plaintiff from "known and ongoing harassment, threats, and misconduct that Plaintiff repeatedly reported to agencies. Compl. at 22-23.

It appears that Plaintiff is attempting to plead a violation of the state created danger exception to the Due Process Clause of the Fourteenth Amendment. "The Fourteenth Amendment's Due Process Clause ... does not confer any affirmative right to governmental aid" and "typically does not impose a duty on the state to protect individuals from third parties." *Henry A. v. Wilden*, 678 F.3d 991, 998 (9th Cir. 2012). An exception to this rule is the state created danger exception, where "the state affirmatively places the plaintiff in danger by acting with deliberate indifference to the obvious danger." *Id*. To determine whether an official affirmatively placed an individual in danger, the court must determine "whether any affirmative actions of the official placed the individual in danger he would otherwise not have faced, whether the danger was known or obvious, and whether the officer acted with deliberate indifference to that danger." *Id*. at 1002 (citing *Kennedy v. City of Ridgefield*, 439 F.3d 1055, 1062-64 (9th Cir. 2006)). To show deliberate indifference, the Ninth Circuit requires the actor "must recognize[] [an] unreasonable risk and actually intend[] to expose the plaintiff to the risk without regard to the consequences to the plaintiff." *Patel v. Kent School District*, 648 F.3d 965, 974 (9th Cir. 2011).

Plaintiff alleges in both causes of action that Defendants "knew of and

disregarded an excessive risk" to Plaintiff's safety, and "dismissed, minimized, and mishandled [Plaintiff's] reports [demonstrating this harassment]." Compl. at 22-23. However, Plaintiff has failed to sufficiently plead a state created danger claim where Plaintiff makes conclusory and vague allegations that fail to describe who the actors are and whether the conduct is directed at Plaintiff. Plaintiff has not sufficiently pled whether he was under any danger that would merit a state created danger claim. Because Plaintiff is proceeding pro se, these claims are dismissed with leave to amend to provide Plaintiff with another opportunity to attempt to plead a state created danger claim.

2.      *Monell* Claim Against Defendants County of Sacramento and City and County of San Francisco

"In order to establish municipal liability [under *Monell*], a plaintiff must show that a 'policy or custom' led to the plaintiff's injury." *Castro v. County of Los Angeles*, 833 F.3d 1060, 1073 (9th Cir. 2016) (en banc) (quoting *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 694 (1978)). To state a *Monell* claim, a plaintiff must allege that (1) he was deprived of a constitutional right; (2) the municipality has a policy; (3) the policy amounts to deliberate indifference to plaintiff's constitutional rights; and (4) the policy is the moving force behind the constitutional violation. *See Anderson v. Warner*, 451 F.3d 1063, 1070 (9th Cir. 2006) (citing *Oviatt v. Pearce*, 954 F.2d 1470, 1474 (9th Cir. 1994)). The complaint must identify the particular policy that the plaintiff alleges caused his constitutional injury. *See Lee v. City of Los Angeles*, 250 F.3d 668, 681 (9th Cir. 2002); *see also Connick v. Thompson*, 563 U.S. 51, 60 (2011) (under § 1983, local governments are responsible only for "their own illegal acts," and therefore to impose liability on a local government, plaintiffs must prove that an "action pursuant to official municipal policy" caused their injury) (citations omitted). Further, the policy at issue must be the result of a decision of a person employed by the entity who has final decision or policymaking authority. *Monell*, 436 U.S. at 694. There must be a direct causal link between the policy or custom and the injury, and a plaintiff must be able to demonstrate that his injury resulted from a permanent and well-settled practice. *Anderson*, 451 F.3d

6

at 1070.

To successfully plead a *Monell* claim, the Ninth Circuit has held that there must be sufficiently detailed factual allegations "'to give fair notice and to enable the opposing party to defend itself effectively' and which 'plausibly suggest an entitlement to relief.'" *J.M. by and Through Rodriguez v. County of Stanislaus,* 2018 WL 5879725, at *4 (E.D. Cal. Nov. 7, 2018) (quoting *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011)). To meet this standard, a plaintiff may do so by "specifying 'the content of the policies, customs, or practices the execution of which gave rise to [the plaintiff's] constitutional injury.'" *Id*. (quoting *Mateos-Sandoval v. Cty. of Sonoma*, 942 F.Supp.2d 890, 900 (N.D. Cal. 2013)).

Plaintiff fails to plead that Defendants County of Sacramento and City and County of San Francisco have a policy to deprive Plaintiff of his constitutional rights. As described above, Plaintiff has failed to plead a state created danger claim against all Defendants. Because a *Monell* claim requires a constitutional violation to be actionable, Plaintiff's *Monell* claim is also dismissed with leave to amend.

### 3.    Negligence Claim Against All Defendants

Under California law, a negligence claim requires a showing of "duty, breach, causation, and damages." *State Farm General Insurance Company v. General Electric Company*, 799 F.Supp.3d 996, 1004 (C.D. Cal. 2025) (citation omitted). Plaintiff alleges Defendants owed him a duty of reasonable care to "investigate credible reports of harassment and threats to their safety, and to take reasonable steps to prevent foreseeable harm." Compl. at 25. Plaintiff alleges Defendants breached their duty to Plaintiff by "mishandling Plaintiff's complaints… failing to conduct adequate investigations…and failing to implement even minimal protective measures." *Id*. As a result, Plaintiff alleges Defendant's breaches of duty were the causes of "… medical injuries, emotional trauma, financial disruption, and a loss of a safe and stable environment." Plaintiff has sufficiently pled his negligence claim for screening purposes.

To the extent Plaintiff attempts to raise a negligence claim on behalf of his minor children, *see* Compl. at 25-26, Plaintiff is informed that a parent cannot bring an action

7

on behalf of a minor child without retaining counsel. *See Johns v. San Diego*, 114 F.3d 874, 877 (9th Cir. 1997). Plaintiff is granted leave to amend to clarify his claims. If Plaintiff does attempt to bring a negligence claim on behalf of his minor children, Plaintiff must retain counsel and will be provided with time to retain counsel.

        4.    <u>Intentional Infliction of Emotional Distress Claim Against All Defendants</u>

To adequately state a claim for intentional infliction of emotional distress, a plaintiff must demonstrate: "(1) extreme and outrageous conduct by the defendant with the intention of causing, or reckless disregard of the probability of causing, emotional distress; (2) the plaintiff's suffering severe or extreme emotional distress; and (3) actual and proximate causation of the emotional distress by the defendant's outrageous conduct." *Chaconas v. JP Morgan Chase Bank,* 713 F. Supp. 2d 1180, 1187 (S.D. Cal. 2010) (quoting *Hughes v. Pair*, 46 Cal.4th 1035, 1050 (2009).

Plaintiff alleges all Defendants engaged in extreme and outrageous conduct by "repeatedly ignoring, dismissing, or mishandling Plaintiff's credible pleas for protection," that Defendants acted with reckless disregard of the probability of causing Plaintiff severe emotional distress, and Plaintiff suffered emotional distress in the form of "panic attacks, chronic anxiety, sleep disruption, fear, and a loss of a sense of safety and stability." Compl. at 26. Plaintiff's allegations are conclusory and insufficient to state an intentional infliction of emotional distress claim, which is dismissed with leave to amend. As with the negligence claim, it is unclear whether Plaintiff also attempts to bring an intentional infliction of emotional distress claim on behalf of his minor children. If any such claim is raised, it is also insufficiently pled and dismissed with leave to amend.

        5.    <u>California Constitutional Claims Against All Defendants</u>

Plaintiff alleges that the conduct of all Defendants violated Plaintiff's rights under Article I, Sections 1, 7, and 13 of the California Constitution, impinging on Plaintiff's rights to "life, liberty, safety, due process, and equal protection under the law." *Id*. at 27. In California, "[a] constitutional provision is presumed to be self-executing unless

contrary intent is shown." *Coming Up Inc. v. City and County of San Francisco*, 857 F. Supp. 711, 719 (N.D. Cal. 1994). However, the California Supreme Court has ruled that there are no private rights of action for Article I, Sections 7 and 13 of the California Constitution. *Katzenberg v. Regents of University of California*, 29 Cal.4th 300, 328 (2002) ("The availability of meaningful alternative remedies leads us to decline to recognize a constitutional tort to remedy the asserted violation of article 1, section 7(a) in the case before us."); *see also Estate of F.R. v. County of Yuba*, 2023 WL 6130049, at *7 (E.D. Cal. Sept. 19, 2023) ("The court therefore concludes that no private cause of action is available under Article I, Section 13."). Accordingly, those constitutional claims should be dismissed without leave to amend.

Plaintiff also raises an Article I, Section 1 claim against all Defendants, which states "All people are by nature free and independent and have inalienable rights. Among these are enjoying and defending life and liberty, acquiring, possessing, and protecting property, and pursuing and obtaining safety, happiness, and privacy." Cal. Const. Art. I, § 1. California courts have noted that these provisions "do not provide 'rules by means of which' the principals at issue could be given force of law." *Leger v. Stockton Unified School Dist*., 202 Cal. App. 3d 1448, 1455 (1988). Additionally, courts have found these provisions to be "devoid of guidelines, mechanisms, or procedures from which a damages remedy could be inferred." *Coming Up, Inc. v. City and County of San Francisco*, 857 F. Supp. 711, 719 (N.D. Cal. 1994). Accordingly, courts have dismissed these state constitutional claims where a statute or common law is the more appropriate vehicle for the action. *Id*. at 719-20 (dismissing plaintiff's California constitutional claims against police officers for removing free local newspapers from news racks and finding a state statute to be a more appropriate vehicle for the action). Because Plaintiff has sued Defendants under a variety of causes of action that provide redress for his claims outside of California constitutional provisions, the Court recommends dismissing his claim under Article 1, Section 1 of the California Constitution without leave to amend.

///

9

6.    Bane Act Claims Against All Defendants

The Bane Act provides a civil cause of action for "[a]ny individual whose exercise or enjoyment of rights secured by the Constitution or laws of the United States, or of right secured by the Constitution or laws of [California] has been interfered with" or attempted to be interfered with' through actual or attempted "threats, intimidation, or coercion." *Campbell v. Feld Entertainment, Inc*., 75 F.Supp.3d 1193, 1211 (N.D. Cal. 2014). The Bane Act defines interference as a violation of one's constitutional rights. *Id*. To prevail on a Bane Act claim, a plaintiff must first show that there was an interference of his constitutional rights, and then must show that the interference "was accompanied by actual or attempted threats, intimidation, or coercion." *Id*. Here, Plaintiff has failed to plead a violation of his constitutional rights as described above. Therefore, he cannot plead a violation of the Bane Act. This claim is dismissed with leave to amend.

**B.    Leave To Amend**

Although the Federal Rules adopt a flexible pleading policy, even a pro se litigant's complaint must give fair notice and state the elements of a claim plainly and succinctly. *Jones v. Community Redev. Agency*, 733 F.2d 646, 649 (9th Cir. 1984). In light of Plaintiff's pro se status, and because it is at least conceivable that Plaintiff could allege additional facts to state claims under Section 1983, *Monell*, intentional infliction of emotional distress, and the Bane Act, the Court finds it appropriate to grant Plaintiff an opportunity to amend the Complaint. *See Lopez*, 203 F.3d at 1130-31 (indicating that prior to dismissal, the court is to tell the plaintiff of deficiencies in the complaint and provide an opportunity to cure – if it appears at all possible the defects can be corrected).

If Plaintiff elects to file an amended complaint, this new pleading shall allege facts establishing the existence of federal jurisdiction and must contain a short and plain statement of Plaintiff's claim. The allegations of the complaint must be set forth in sequentially numbered paragraphs, with each paragraph number being one greater than the one before, each paragraph having its own number, and no paragraph number being

repeated anywhere in the complaint. Each paragraph should be limited "to a single set of circumstances" where possible. *See* Fed. R. Civ. P. 10(b). Forms are available to help plaintiffs organize their complaint in the proper way. They are available at the Clerk's Office, 501 I Street, 4th Floor (Rm. 4-200), Sacramento, CA 95814, or online at www.uscourts.gov/forms/pro-se-forms.

The amended complaint must not require the Court and the defendants to guess at what is being alleged against whom. *See McHenry v. Renne*, 84 F.3d 1172, 1177 (9th Cir. 1996) (affirming dismissal of a complaint where the district court was "literally guessing as to what facts support the legal claims being asserted against certain defendants"). The amended complaint must not require the Court to spend its time "preparing the 'short and plain statement' which Rule 8 obligated plaintiffs to submit." *Id*. at 1180. The amended complaint must not require the Court and defendants to prepare lengthy outlines "to determine who is being sued for what." *Id*. at 1179.

Plaintiff is informed that the court cannot refer to a prior complaint or other filing in order to make the amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. As a general rule, an amended complaint supersedes prior complaint(s), and once the amended complaint is filed and served, any previous complaint no longer serves any function in the case. *Lacey v. Maricopa Cnty*., 693 F.3d 896, 927 (9th Cir. 2012).

## IV.   CONCLUSION

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion to proceed in forma pauperis (ECF No. 5) is GRANTED.

2. Plaintiff is provided with 60 days from the date of this order to retain counsel.

Further, based on the findings above, it is RECOMMENDED:

1. Plaintiff's California Constitutional claims be DISMISSED without leave to amend.

2. Plaintiff's Section 1983, *Monell*, intentional infliction of emotional distress, and Bane Act claims against Defendants County of Sacramento, Sacramento

County Sheriff, City and County of San Francisco, San Francisco County Sheriff, and Does 1-20 be DISMISSED with leave to amend.

3. Plaintiff's negligence and intentional infliction of emotional distress claims brought on behalf of his minor children be DISMISSED with leave to amend.

4. Plaintiff be provided with 30 days from the date of this order to file an amended complaint  If Plaintiff does not file an amended complaint, the Complaint will proceed on Plaintiff's negligence claim on his own behalf against all Defendants.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within 14 days after being served with these findings and recommendations, any party may file written objections with the Court and serve a copy on all parties. This document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served on all parties and filed with the Court within 14 days after service of the objections. Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

Dated:  April 2, 2026

CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

7/ahma.2625.25.screen