UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| MOHIBULLAH AHMADZAI, | Case No. 2:25-cv-02625-DC-CSK (PS) |
| Plaintiff, | |
| v. | FINDINGS & RECOMMENDATIONS |
| COUNTY OF SACRAMENTO, et al., | (ECF No. 7) |
| Defendant. | |

Pending before the Court is Plaintiff Mohibullah Ahmadzai's ex parte motion for a temporary restraining order ("TRO"). [1] (ECF No. 7.) Plaintiff is appearing without counsel. Pursuant to Local Rule 230(g), the Court submits the motion upon the record and briefs on file.

For the reasons that follow, the Court recommends that Plaintiff's motion for a TRO be DENIED.

///

///

///

///

---

[1] This matter proceeds before the undersigned pursuant to 28 U.S.C. § 636, Fed. R. Civ. P. 72, and Local Rule 302(c).

1

## I.   BACKGROUND

### A.   Factual Allegations[2]

Plaintiff Mohibullah Ahmadzai filed a Complaint against Defendants County of Sacramento, Sacramento County Sheriff, City and County of San Francisco, San Francisco County Sheriff, and Does 1-20. Compl. at 1. Plaintiff alleged claims under 42 U.S.C. § 1983. *Id*. at 22-24. Plaintiff seemed to only raise *Monell* claims against Sacramento County and the City and County of San Francisco, despite naming all Defendants. *Id*. at 24. Plaintiff further alleged negligence and intentional infliction of emotional distress against all defendants. *Id*. at 25-26. Plaintiff further alleged violations of the California Constitution under Article I, Sections 1, 7, and 13 and violations of the Bane Act under Cal. Civ. Code § 52.1 against all Defendants. *Id*. at 26-28.

Plaintiff's allegations are described in further detail in the order and findings and recommendations screening the Complaint. (ECF No. 6.)

### B.   Procedural Posture

On September 12, 2025, Plaintiff filed a Complaint against the City and County of San Francisco, County of Sacramento, Sheriff of Sacramento County, and Sheriff of San Francisco. (ECF No. 1.) On the same day, Plaintiff also filed a motion to proceed in forma pauperis as well as a request for United States Marshals to serve Defendants. (ECF Nos. 2 and 3.) On January 5, 2026, the Court issued an order denying without prejudice Plaintiff's motion to proceed in forma pauperis, and denying as premature Plaintiff's request for service. (ECF No. 4.) The Order directed Plaintiff to pay the filing fee or file a complete and signed application to proceed in forma pauperis within 30 days. *Id*. On January 6, 2026, Plaintiff filed a new motion to proceed in forma pauperis. (ECF No. 5.)

---

[2]   These facts primarily derive from the complaint (ECF No. 1), which are construed in the light most favorable to Plaintiff as the non-moving party. *Faulkner v. ADT Sec. Servs.*, 706 F.3d 1017, 1019 (9th Cir. 2013). However, the Court does not assume the truth of any conclusory factual allegations or legal conclusions. *Paulsen v. CNF Inc.*, 559 F.3d 1061, 1071 (9th Cir. 2009).

On April 2, 2026, the Court issued an order and findings and recommendations granting Plaintiff's motion to proceed in forma pauperis, providing Plaintiff 60 days from the date of the order to retain counsel, and recommending Plaintiff's California Constitutional claims be dismissed without leave to amend; recommending Plaintiff's Section 1983, *Monell*, and intentional infliction of emotional distress, and Bane Act claims against all Defendants be dismissed with leave to amend; and allowing for Plaintiff's negligence claim to proceed. (ECF No. 6.) Plaintiff was provided 30 days from the date of the order to file an amended complaint on his Section 1983, *Monell*, intentional infliction of emotional distress, and Bane Act claims. *Id*.

On April 6, 2026, Plaintiff filed a First Amended Complaint and a motion for a temporary restraining order. (ECF Nos. 7, 9.) As of the date of this order, findings and recommendations to dismiss the first Complaint are still pending before the District Judge. *See* Docket.

## II.    LEGAL STANDARDS

Plaintiff moves ex parte for a TRO pursuant to Federal Rules of Civil Procedure 65 against all Defendants. The standard for issuing a TRO is the same as the standard for issuing a preliminary injunction, which requires the plaintiff to "establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Nat. Res. Def. Council, Inc*., 555 U.S. 7, 20 (2008). Because the first factor "is a threshold inquiry and is the most important factor," a "court need not consider the other factors" if a movant fails to show a likelihood of success on the merits. *Baird v. Bonta*, 81 F.4th 1036, 1040 (9th Cir. 2023) (internal quotation marks and citations omitted).

"A preliminary injunction is an extraordinary remedy never awarded as of right," and may only be awarded upon a clear showing that the plaintiff is entitled to relief. *Winter*, 555 U.S. at 22, 24 (citation omitted). "Under *Winter*, plaintiffs must establish that irreparable harm is likely, not just possible, in order to obtain a preliminary injunction."

*Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1131 (9th Cir. 2011).

**III.    DISCUSSION**

Plaintiff's TRO is based on a filing styled as an amended complaint and seeks relief in the form of enjoining individuals Daniel Espinoza, Shante Williams, Janae Galovich, the County of Sacramento, and City and County of San Francisco "from engaging in conduct that threatens Plaintiff's safety." TRO at ¶ 22 (ECF No. 7). Plaintiff also seeks injunctive relief "requiring Defendants to refrain from actions or omissions that allow ongoing disturbances, intimidation, or unsafe conditions to persist in and around Plaintiff's residence and during Plaintiff's travel…" *Id*. at ¶ 23.

**A.    Compliance with Federal Rules of Civil Procedure and Local Rules**

Federal Rule of Civil Procedure 65(b)(1) permits the court to issue a TRO without notice to the adverse party only if (1) specific facts in the affidavit or underlying pleading show that immediate and irreparable injury, loss, or damage will result before the opposing party may be heard; and (2) the movant certifies in writing efforts made to give notice and the reasons why notice should not be required. Fed. R. Civ. P. 65(b)(1). This Court's Local Rules also set forth certain procedural mandates for a temporary restraining order to issue, including that the movant provide the following documents: (1) a complaint; (2) a motion for temporary restraining order; (3) a brief on the relevant legal issues; (4) an affidavit to support the existence of irreparable harm; (5) an affidavit detailing the notice or efforts undertaken or showing good cause why notice should not be given; (6) a proposed temporary restraining order and provision for bond; (7) a proposed order with blank for fixing time and date for a hearing; and (8) where a temporary restraining order is requested ex parte, the proposed order should also notify the affected parties of the right to apply to the Court for modification or dissolution on two (2) days' notice or such shorter notice as the Court may allow. E.D. Cal. Local Rule 231(c).

Plaintiff's motion is procedurally deficient because Plaintiff does not provide reasons why notice of his motion to Defendants should not be required. *See* Fed. R. Civ.

4

P. 65(b)(1)(B); E.D. Cal. Local Rule 231(c)(5); TRO. To issue a TRO without notice to Defendants as the adverse parties, Rule 65(b)(1) requires that specific facts in the affidavit or underlying pleading show that immediate and irreparable injury, loss, or damage will result before the opposing party may be heard. "Courts turn to the facts to determine whether irreparable harm is likely." *Johnson v. California*, 2024 WL 4766206, at *3 (C.D. Cal. 2024). Despite Plaintiff's assertions in his TRO checklist, there is no separate affidavit detailing notice, efforts to effect notice, or showing why it should not be given. Courts regularly deny TROs for failing to comply with the stringent requirements of Rule 65(b)(1), including those sought by pro se plaintiffs. *See Reno Air Racing Ass'n, Inc. v. McCord*, 452 F.3d 1126, 1131 (9th Cir. 2006) ("courts have recognized very few circumstances justifying the issuance of an ex parte TRO"); *Abdel-Malak v. Doe*, 2020 WL 5775818, at *1 (C.D. Cal. Feb. 20, 2020) (denying TRO sought by pro se plaintiff for failure to satisfy Rule 65(b)'s "strict requirements"); *Seymour v. U.S. Dep't of Def.*, 2010 WL 3385994, at *1 (S.D. Cal. Aug. 26, 2010) (same); *Roman v. Nw. Tr. Servs., Inc.*, 2010 WL 3489962, at *1 (W.D. Wash. Aug. 31, 2010) (same).

The TRO also lacks a proposed order. *See* TRO. Plaintiff's failure to comply with the Local Rules' requirements for TROs is sufficient justification to deny the motion. *See Tri-Valley CAREs v. U.S. Dep't of Energy*, 671 F.3d 1113, 1131 (9th Cir. 2012) ("Denial of a motion as the result of a failure to comply with local rules is well within a district court's discretion."); *Nible v. Macomber*, 2024 WL 2133319, at *2 (E.D. Cal. May 13, 2024) (denying TRO sought by pro se plaintiff as procedurally deficient). Plaintiff has not complied with the requirements of Local Rule 231(c)(5)-(8).

**B.      Likelihood of Success on the Merits**

Although Plaintiff's TRO is based on a filing styled as a First Amended Complaint, a judgment order affirming the Court's findings and recommendations regarding the original Complaint has not been signed. Therefore, there is presently no operative complaint to this action, and Plaintiff's motion must also be denied. *See Carnero v. Elk Grove Financial*, 2017 WL 1315575, at *4 (N.D. Cal. Apr. 6, 2017) (denying a TRO

where there was no operative complaint).

Also, to the extent Plaintiff's allegations could be based on his negligence claim in the original Complaint, Plaintiff does not differentiate his requests for relief by cause of action. Since the Court has dismissed Plaintiff's remaining claims in the original Complaint, Plaintiff has failed to show likelihood of success on the merits. Thus, the Court will deny Plaintiff's request for a TRO.

## IV.    CONCLUSION

Based upon the findings above, it is RECOMMENDED that Plaintiff's motion for a TRO (ECF No. 7) be DENIED.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within 14 days after being served with these findings and recommendations, any party may file written objections with the Court and serve a copy on all parties. This document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served on all parties and filed with the Court within 14 days after service of the objections. Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

Dated:  May 5, 2026

_____
CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

7, ahma.2625.25

6