UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MOHIBULLAH AHMADZAI,<br>Plaintiff,<br>v.<br>COUNTY OF SACRAMENTO, et al.,<br>Defendant. | Case No. 2:25-cv-02625-DC-CSK (PS)<br><br>FINDINGS AND RECOMMENDATIONS<br>(ECF No. 14) |

Plaintiff Mohibullah Ahmadzai is representing himself in this action and has filed a First Amended Complaint ("FAC").[1] (ECF No. 14.) The Court granted Plaintiff's request to proceed in forma pauperis and recommended dismissing the Complaint with leave to amend. 4/2/2026 Order and Findings and Recommendations (ECF No. 6). The district court adopted the undersigned's findings and recommendations. 6/22/2026 Order (ECF No. 13).

For the reasons that follow, the Court recommends that the FAC be dismissed without leave to amend for failure to state a claim.

## I. SCREENING REQUIREMENT

Pursuant to 28 U.S.C. § 1915(e), the court must screen every in forma pauperis

[1] This matter proceeds before the undersigned pursuant to 28 U.S.C. § 636, Fed. R. Civ. P. 72, and Local Rule 302(c).

proceeding, and must order dismissal of the case if it is “frivolous or malicious,” “fails to state a claim on which relief may be granted,” or “seeks monetary relief against a defendant who is immune from such relief.” 28 U.S.C. § 1915(e)(2)(B); *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (2000) (en banc). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). In reviewing a complaint under this standard, the court accepts as true the factual allegations contained in the complaint, unless they are clearly baseless or fanciful, and construes those allegations in the light most favorable to the plaintiff. *See Neitzke*, 490 U.S. at 327; *Von Saher v. Norton Simon Museum of Art at Pasadena*, 592 F.3d 954, 960 (9th Cir. 2010), cert. denied, 564 U.S. 1037 (2011).

Pleadings by self-represented litigants are liberally construed. *Hebbe v. Pliler*, 627 F.3d 338, 342 & n.7 (9th Cir. 2010) (liberal construction appropriate even post–*Iqbal*). However, the court need not accept as true conclusory allegations, unreasonable inferences, or unwarranted deductions of fact. *Western Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981). A formulaic recitation of the elements of a cause of action does not suffice to state a claim. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-57 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

To state a claim on which relief may be granted, the plaintiff must allege enough facts “to state a claim to relief that is plausible on its face.” *Twombly*, 550 U.S. at 570. “A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.” *Iqbal*, 556 U.S. at 678. A pro se litigant is entitled to notice of the deficiencies in the complaint and an opportunity to amend unless the complaint’s deficiencies could not be cured by amendment. *See Lopez*, 203 F.3d at 1130-31; *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 339 (9th Cir. 1996).

## II. BACKGROUND

### A. Procedural Background

On September 12, 2025, Plaintiff filed a Complaint and application to proceed in

forma pauperis against Defendants County of Sacramento, Sacramento County Sheriff, in his official capacity, City and County of Sacramento, and San Francisco Sheriff, in his official capacity. Compl. (ECF No. 1). The original Complaint alleged Fourteenth Amendment state-created danger, Fourteenth Amendment failure to protect, *Monell*, negligence, intentional infliction of emotional distress, deprivation of rights under the California Constitution, and Bane Act claims against all Defendants. Compl. at 22-28. On April 2, 2026, the Court granted Plaintiff's IFP application and provided Plaintiff 60 days from the date of the Court's order to attain counsel. 4/2/2026 Order and Findings and Recommendations at 11. The Court further recommended that: (1) Plaintiff's California Constitutional claims be dismissed without leave to amend; (2) Plaintiff's Section 1983, *Monell*, intentional infliction of emotional distress, and Bane Act claims be dismissed with leave to amend; (3) Plaintiff's negligence claims and intentional infliction of emotional distress claims brought on behalf of his minor children be dismissed with leave to amend; and (4) Plaintiff be granted thirty days to file an amended complaint to cure his defective claims, or otherwise proceed with his negligence claim against all Defendants. *Id*. at 11-12.

On June 22, 2026, the district court adopted the undersigned's findings and recommendations in full, and Plaintiff was given thirty days from the district court's order to file an amended complaint. 6/22/2026 Order at 2. On July 15, 2026, Plaintiff timely filed a FAC against Defendants County of Sacramento and City and County of San Francsico, and new Defendants Daniel Espinoza in his individual capacity, Shante Williams in her individual capacity, Janae Galovich in her individual capacity, Sacramento County Sheriff's Office, and Jim Cooper, in his official capacity as Sheriff of Sacramento County, and Doe Defendants 1-15. FAC ¶¶ 8-15.

**B. Factual Background**

In the FAC, Plaintiff alleges that he experienced recurring incidents involving individuals operating loud vehicles and motorcycles that have repeatedly circled Plaintiff's residence and followed Plaintiff's vehicle. *Id*. ¶¶ 21-22. Plaintiff believes these

incidents were intended to harass Plaintiff and disrupt his daily life and employment activities. *Id*. ¶ 23.

Plaintiff alleges that on July 4, 2024, he reported these ongoing incidents to Defendant Daniel Espinoza, a police officer employed by the San Francisco Police Department. *Id*. ¶¶ 8, 37. Plaintiff alleges he was interviewed by Defendant Espinoza, who then prepared an incident report documenting Plaintiff's complaint. *Id*. ¶¶ 38-41. Plaintiff alleges Defendant Espinoza's report was inaccurate and "omitted or materially minimized" information concerning Plaintiff's alleged incidents. *Id*. ¶ 42. Plaintiff alleges that after his interview with Defendant Espinoza, he did not receive further follow-up. *Id*. ¶ 45.

Plaintiff alleges on May 6, 2025, he submitted an online report concerning the ongoing incidents to the San Francisco Police Department and received a confirmation on May 10, 2025, that the report was forwarded to the District Station Investigative Team for further handling. *Id*. ¶¶ 47-48. Plaintiff alleges the May 10, 2025 notification identified Defendant Williams, a police sergeant employed by the San Francisco Police Department, as the complaint's reviewing supervisor. *Id*. ¶¶ 9, 49. Plaintiff alleges he sent Defendant Williams two follow-up communications asking for status updates on his investigation on May 15, 2025 and June 21, 2025, and that Defendant Willaims did not provide Plaintiff a substantive response. *Id*. ¶¶ 52-54.

Plaintiff further alleges he had also been in contact with the Sacramento County Sheriff's Office on an ongoing basis, submitting or filing numerous communications, and notably, had two online complaints regarding his ongoing incidents rejected on August 9, 2024 and March 5, 2025 and advised that a third report be sent to the California Highway Patrol on May 2, 2025. *Id*. ¶¶ 56-62.

Plaintiff alleges that he later filed a Citizen Complaint regarding Defendant Sacramento County Sheriff's Office's inaction and responses to his complaints on July 29, 2025. *Id*. at ¶ 73. Plaintiff alleges that on August 25, 2025, he received a responsive email from Defendant Galovich, an individual employed by Defendant Sacramento

County Sheriff's Office, who first located only one prior incident involving Plaintiff and requested additional information regarding Plaintiff's complaints. *Id*. ¶ 75. Plaintiff alleges that on August 26, 2025, Defendant Galovich responded to Plaintiff's citizen complaint and advised that some of the contents of Plaintiff's complaint were outside of Defendant Sacramento County Sheriff's Office's jurisdiction, that Plaintiff contact his property manager regarding his safety concerns, and that Plaintiff's complaint will be forwarded to Defendant Sacramento County Sheriff's Office's Communications Bureau for further review. *Id*. ¶ 78.

## III. DISCUSSION

The FAC raises (1) a state-created danger claim under 42 U.S.C. § 1983 against Defendants Espinoza, Williams, and Galovich (collectively, "individual Defendants"); (2) a *Monell* claim against Defendants County of Sacramento and City and County of San Francisco; (3) a negligence claim against all Defendants; and (4) an intentional infliction of emotional distress claim against all Defendants. *Id*. ¶¶ 83-126.

### A. Section 1983 Standards

42 U.S.C. § 1983 "provides a cause of action for the deprivation of any rights, privileges, or immunities secured by the Constitution and laws of the United States." *Wilder v. Virginia Hosp. Ass'n*, 496 U.S. 498, 508 (1990) (internal quotation marks omitted). "Section 1983 is not itself a source of substantive rights but merely provides a method for vindicating federal rights elsewhere conferred." *Albright v. Oliver*, 510 U.S. 266, 271 (1994) (citation and internal quotation marks omitted). To state a cognizable § 1983 claim, a plaintiff must allege the violation of a right protected by the Constitution and laws of the United States, and that the alleged deprivation was committed by a person who acted under color of state law. 42 U.S.C. § 1983; *see also Florer v. Congregation Pidyon Shevuyim, N.A.*, 639 F.3d 916, 921 (9th Cir. 2011). An individual defendant is not liable on a civil rights claim unless the facts establish the defendant's personal involvement in the constitutional deprivation or a causal connection between the defendant's wrongful conduct and the alleged constitutional deprivation. *See Hansen*

*v. Black*, 885 F.2d 642, 645 (9th Cir. 1989); *Johnson v. Duffy*, 588 F.2d 740, 743-44 (9th Cir. 1978). That is, plaintiff may not sue any official on the theory that the official is liable for the unconstitutional conduct of his or her subordinates. *Iqbal*, 556 U.S. at 679.

**B. Section 1983 State-Created Danger Claim against the Individual Defendants**

"The Fourteenth Amendment's Due Process Clause ... does not confer any affirmative right to governmental aid" and "typically does not impose a duty on the state to protect individuals from third parties." *Henry A. v. Wilden*, 678 F.3d 991, 998 (9th Cir. 2012). An exception to this rule is the state-created danger exception, where "the state affirmatively places the plaintiff in danger by acting with deliberate indifference to the obvious danger." *Id*. To determine whether an official affirmatively placed an individual in danger, the court must determine "whether any affirmative actions of the official placed the individual in danger he would otherwise not have faced, whether the danger was known or obvious, and whether the officer acted with deliberate indifference to that danger." *Id*. at 1002 (citing *Kennedy v. City of Ridgefield*, 439 F.3d 1055, 1062-64 (9th Cir. 2006)). To show deliberate indifference, the Ninth Circuit requires the actor "must recognize[] [an] unreasonable risk and actually intend[] to expose the plaintiff to the risk without regard to the consequences to the plaintiff." *Patel v. Kent School District*, 648 F.3d 965, 974 (9th Cir. 2011).

Just as in the original Complaint, Plaintiff has failed to plead a state-created danger claim. *See* 4/2/2026 Order and Findings and Recommendations at 5-6, *adopted by* 6/22/2026 Order. The original state-created danger claim was alleged against Defendants County of Sacramento, Sacramento County Sheriff, City and County of Sacramento, and San Francisco Sheriff, for "kn[owing] of and disregarding an excessive risk," to Plaintiff and "dismiss[ing], minimiz[ing], and mishandl[ing] [Plaintiff's] reports [demonstrating his harassment]." Compl. 22-23. The Court dismissed the original Complaint's state-created danger claim for failing to plead facts describing the individual actors and whether their conduct was directed at Plaintiff. 4/2/2026 Order and Findings

and Recommendations at 6, *adopted by* 6/22/2026 Order. The Court also dismissed Plaintiff's state-created danger claim for failing to allege whether he was under any danger that would merit a state-created danger claim. *Id*.

Unlike the original Complaint, the FAC alleges the state-created danger claim against different defendants: Defendants Espinoza, Williams, and Galovich in their individual capacities. FAC ¶¶ 83-98. The Court concludes Plaintiff's state-created danger claims fail because they allege omissions or failures to act, rather than affirmative conduct. *See Murgia v. Langdon*, 61 F. 4th 1096, 1111 (9th Cir. 2023) (finding a state-related danger claim requires a finding of state action rather than inaction).

For example, the FAC alleges Defendant Espinoza caused Plaintiff constitutional injury by preparing and submitting a police report that "omitted, minimized, or failed" to adequately document Plaintiff's allegations regarding his ongoing disturbances. *Id*. ¶ 86. The FAC next alleges Defendant Williams harmed Plaintiff by "failing to conduct or initiate any meaningful investigation," follow up with Plaintiff's queries, assist Plaintiff by taking investigative or protective action, and allow Plaintiff's claim to terminate "without meaningful review." *Id*. ¶ 88. Last, the FAC alleges that Defendant Galovich, despite having received Plaintiff's repeated complaints to Defendant Sacramento County Sheriff's Office, "minimized or failed to meaningfully address Plaintiff's allegations," mischaracterized Plaintiff's complaints, and "failed to ensure meaningful corrective or investigative action." *Id*. ¶ 89.

While the FAC attempts to portray each interaction between Plaintiff and the individual Defendants as an "interference" that increased Plaintiff's vulnerability to his alleged disturbances by not conducting a more thorough investigation or installation of protective measures (*id*. ¶ 89), the Court finds that Plaintiff's allegations can be better categorized as examples of inaction, rather than affirmative conduct, that caused Plaintiff's injury*. See Martinez v. City of Clovis*, 943 F. 3d 1260, 1272 (9th Cir. 2019) (finding a police officer's failure to arrest alleged perpetrator in a domestic violence incident and provide alleged victim with further information to escape abuse was not an

affirmative act). Therefore, the Court concludes the FAC has failed to allege a state-created danger claim against the individual Defendants and recommends dismissing the claim.

### C. *Monell* Claim against Defendants County of Sacramento and City and County of San Francisco

"In order to establish municipal liability [under *Monell*], a plaintiff must show that a 'policy or custom' led to the plaintiff's injury." *Castro v. County of Los Angeles*, 833 F.3d 1060, 1073 (9th Cir. 2016) (en banc) (quoting *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 694 (1978)). To state a *Monell* claim, a plaintiff must allege that (1) he was deprived of a constitutional right; (2) the municipality has a policy; (3) the policy amounts to deliberate indifference to plaintiff's constitutional rights; and (4) the policy is the moving force behind the constitutional violation. *See Anderson v. Warner*, 451 F.3d 1063, 1070 (9th Cir. 2006) (citing *Oviatt v. Pearce*, 954 F.2d 1470, 1474 (9th Cir. 1994)). The complaint must identify the particular policy that the plaintiff alleges caused his constitutional injury. *See Lee v. City of Los Angeles*, 250 F.3d 668, 681 (9th Cir. 2002); *see also Connick v. Thompson*, 563 U.S. 51, 60 (2011) (under § 1983, local governments are responsible only for "their own illegal acts," and therefore to impose liability on a local government, plaintiffs must prove that an "action pursuant to official municipal policy" caused their injury) (citations omitted). Further, the policy at issue must be the result of a decision of a person employed by the entity who has final decision or policymaking authority. *Monell*, 436 U.S. at 694. There must be a direct causal link between the policy or custom and the injury, and a plaintiff must be able to demonstrate that his injury resulted from a permanent and well-settled practice. *Anderson*, 451 F.3d at 1070.

To successfully plead a *Monell* claim, the Ninth Circuit has held that there must be sufficiently detailed factual allegations "'to give fair notice and to enable the opposing party to defend itself effectively' and which 'plausibly suggest an entitlement to relief.'" *J.M. by and Through Rodriguez v. County of Stanislaus,* 2018 WL 5879725, at *4 (E.D.

Cal. Nov. 7, 2018) (quoting *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011)). To meet this standard, a plaintiff may do so by "specifying 'the content of the policies, customs, or practices the execution of which gave rise to [the plaintiff's] constitutional injury.'" *Id*. (quoting *Mateos-Sandoval v. Cty. of Sonoma*, 942 F.Supp.2d 890, 900 (N.D. Cal. 2013)).

Plaintiff's *Monell* claim in the original Complaint was dismissed due to failure to plead a policy to deprive Plaintiff of his constitutional rights and for failure to plead a constitutional violation. 4/2/2026 Order and Findings and Recommendations at 7, *adopted by* 6/22/2026 Order. The original Complaint generally alleged Defendants County of Sacramento and City and County of San Francisco, Sacramento County Sheriff, and San Francisco Sheriff had a "policy or custom of ignoring, dismissing, or minimizing citizen complaints of harassment, threats, or misconduct." Compl. at 24. Here, the FAC alleges six different policies against Defendants County of Sacramento and City and County of San Francisco, exclusively, that caused Plaintiff's constitutional injury: (1) failure to adequately document material information contained in citizen complaints; (2) failure to conduct meaningful investigation into said complaints after they were received or approved for investigation; (3) failure to adequately supervise or follow-up on assigned investigations; (4) failure to properly evaluate repeated complaints that described similar ongoing safety concerns; (5) allowing complaints to be "rejected, redirected, minimized, or closed without meaningful investigation;" and (6) failure to "ensure that repeated requests for law enforcement assistance received meaningful review and appropriate follow-up," and that such policies were the "moving force" behind the constitutional violations alleged in the FAC. FAC ¶¶ 101(a)-(f), 105. Though the FAC provides more detail regarding alleged policies, the Court concludes that due to the FAC's failure to allege a state-created danger claim, Plaintiff has failed to allege the deprivation of a constitutional right and whether any of the alleged policies contributed to a violation of Plaintiff's constitutional rights. Therefore, the Court concludes Plaintiff's *Monell* claim also fails and recommends its dismissal.

**D. Plaintiff's Remaining State Law Claims against all Defendants**

A court may decline to exercise supplemental jurisdiction over state law claims if it "has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3); *see also Lacey v. Maricopa Cnty*., 693 F.3d 896, 940 (9th Cir. 2012). The decision to retain or decline jurisdiction must be made in light of "the objectives of economy, convenience and fairness to the parties, and comity." *Trustees of Constr. Indus. & Laborers Health & Welfare Trust v. Desert Valley Landscape & Maintenance, Inc*., 333 F.3d 923, 925 (9th Cir. 2003). The United States Supreme Court has held "[n]eedless decisions of state law should be avoided both as a matter of comity and to promote justice between the parties" and that if "the federal claims are dismissed before trial...the state claims should be dismissed as well." *United Mine Workers v. Gibbs*, 383 U.S. 715, 726 (1966).

Here, the Court recommends dismissing the first two causes of action under 42 U.S.C. § 1983 (state-created danger and *Monell*), over which it has original jurisdiction. Plaintiff's remaining causes of action for negligence and intentional infliction of emotional distress are independent state law claims. Accordingly, the Court declines to exercise supplemental jurisdiction over Plaintiff's third and fourth causes of action in the interest of comity and to provide convenience and fairness to the parties. *See id*. The Court therefore recommends that Plaintiff's third and fourth causes of action for negligence and intentional infliction of emotional distress be dismissed.

**E. Leave to Amend**

Although the Federal Rules adopt a flexible pleading policy, even a pro se litigant's complaint must give fair notice and state the elements of a claim plainly and succinctly. *Jones v. Community Redev. Agency*, 733 F.2d 646, 649 (9th Cir. 1984). If the court finds that a complaint should be dismissed for failure to state a claim, it has discretion to dismiss with or without leave to amend. *Lopez*, 203 F.3d at 1126-30. Leave to amend should be granted if it appears possible that the defects in the complaint could be corrected, especially if a plaintiff is pro se. *Id*. at 1130-31; *see also Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995) ("A pro se litigant must be given leave to

amend his or her complaint, and some notice of its deficiencies, unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment.") (citation omitted). However, if, after careful consideration, it is clear that a complaint cannot be cured by amendment, the court may dismiss without leave to amend. *Cato*, 70 F.3d at 1105-06.

Here, the Court provided Plaintiff with a detailed explanation of the deficiencies in his original Complaint and granted leave to amend to correct these deficiencies. *See* 4/2/2026 Order and Findings and Recommendations, *adopted by* 6/22/2026 Order. Despite this, Plaintiff has been unable to cure the deficiencies to state either of his claims arising under 42 U.S.C. § 1983. Accordingly, the Court finds that further amendment would be futile. The FAC should therefore be dismissed without leave to amend. *See Lopez*, 203 F.3d at 1130-31; *Cato*, 70 F.3d at 1105-06.

## IV. CONCLUSION

Based on the findings above, it is RECOMMENDED that:

1. Plaintiff's First Amended Complaint (ECF No. 14) be DISMISSED without leave to amend; and
2. The Clerk of the Court be directed to close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within 14 days after being served with these findings and recommendations, any party may file written objections with the Court and serve a copy on all parties. This document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served on all parties and filed with the Court within 14 days after service of the objections. Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

Dated: September 16, 2026

CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

7, ahma.2625.25.screen.fac.f&rs